UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**
99 APR 23 AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARY BRAUD; ROBIN SADLER, | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. CV-98-S-0489-NE |
| OFFICE MANAGEMENT SYSTEMS OF ALABAMA, INC. d/b/a INACOM INFORMATION SYSTEMS, | ) ) ) |
| Defendant. | ) |

**ENTERED**
APR 2 3 1999

### MEMORANDUM OPINION

Plaintiffs commenced this action on March 2, 1998, seeking redress for "discrimination on the basis of sex, pregnancy, medical leave[,] and retaliation" under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981a; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. (Complaint, Doc. No. 1, ¶ 1.) Defendant, Office Management Systems of Alabama, Inc. ("OMS"), filed a motion on October 19, 1998 (Doc. No. 20), which this court deemed a motion for partial summary judgment and for which this court set deadlines for the filing of evidentiary materials and briefs. (See submission order, Doc. No. 23.) Plaintiffs' motion for extension of such deadlines by sixty days was granted, establishing new deadlines for their submissions:   January 11, 1999, for plaintiffs' evidentiary

43

materials; and January 19, 1999, for plaintiffs' brief(s) in opposition to the motion. Plaintiffs have failed to respond further to OMS' motion. This action now is before the court on OMS' motion for partial summary judgment.

OMS argues that plaintiffs' claim brought under the FMLA must fail because neither OMS nor plaintiffs fall within the purview of that act. OMS contends that it employed fewer than fifty employees at all times relevant to this action, and offers affidavits in support of such contention. The relevant statutory definitions of an "eligible employee" and an "employer" are as follows:

> The term "eligible employee" does not include—
> (i) any Federal officer or employee covered under subchapter V of chapter 63 of Title 5; or
> (ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.
>
> ...
>
> The term "employer"—
> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year ....

29 U.S.C. § 2611. OMS argues that it therefore is outside the scope of the FMLA.

When a motion for summary judgment is made and supported as

2

provided by the *Federal Rules of Civil Procedure*,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant "failed to present evidence to prove their claim[, and] ... did not supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Upon review of the pleadings and OMS' motion, evidentiary submissions, briefs, and authorities cited therein, and viewing the evidence in a light most favorable to plaintiffs, this court concludes that OMS' arguments are correct. Moreover, as plaintiffs have made no effort to supplement the record or otherwise meet their Rule 56 burden, summary judgment is appropriate. *See, e.g.*,

3

*Brewer v. Purvis*, 816 F. Supp. 1560, 1579 (M.D. Ga. 1993), *aff'd*, 44 F.3d 1008 (11th Cir. 1995) ("Summary judgment is appropriate since Plaintiff failed to respond to [defendant's] argument on this issue."); *see also Wiley v. Earl's Pawn & Jewelry, Inc.*, 950 F. Supp. 1108, 1113 n.4 (S.D. Ala. 1997); *Southern Nevada Shell Dealers Association v. Shell Oil*, 725 F. Supp. 1104, 1109 (D. Nev. 1989).

Accordingly, the court adopts OMS' arguments as its own, and finds the motion for partial summary judgment is due to granted on the grounds stated therein. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

**DONE** this the 23rd day of April, 1999.

_____
United States District Judge

4